UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JENNIFER MYERS, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>   v.<br><br>AMERICOLLECT, INC., and AURORA HEALTH CARE, INC.,<br><br>        Defendants. | Case No.: 15-cv-965<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Jennifer Myers is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff's minor child a debt allegedly incurred for personal, family or household purposes, namely a medical bill.

5. Defendant Americollect, Inc. ("Americollect") is a corporation with its principal place of business located at 1851 S. Alverno Rd., Manitowoc, WI 54220.

6. Americollect is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Americollect is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Americollect is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

8. Defendant Aurora Health Care, Inc. ("Aurora") is a "Private, not-for-profit integrated health care provider," operating in 30 counties in Wisconsin and Illinois. According to Aurora's website, Aurora operates 15 hospitals, 159 clinic sites, 70 retail pharmacies, is affiliated with 30,000 caregivers – including 1,500 employed physicians, operates the largest homecare organization in Wisconsin, has over 1.2 million unique patients and $4.1 billion in annual revenue. http://www.aurorahealthcare.org/ aboutus/news-media-center/our-organization.aspx.

9. Aurora conducts significant business in the State of Wisconsin.

10. Aurora provides diverse and "integrated" medical services to individuals. Aurora is a "merchant," as that term is defined in Wis. Stat. § 421.301(25).

11. Aurora, both directly and indirectly, actively collects debts that are allegedly owed to Aurora. Aurora regularly mails bills and letters seeking payment to consumers, and also hires debt collectors such as Americollect to collect debts on Aurora's behalf.

12. Aurora is a debt collector as that term is defined in Wis. Stat. § 427.103.

## FACTS

13. On or about August 16, 2014, Americollect mailed a debt collection letter to Plaintiff's minor child, "K.M." regarding an alleged debt owed to Aurora. A copy of this letter is attached to this complaint as Exhibit A.

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

2

15. The alleged debt was incurred for medical services provided to K.M. when she was a minor. *See* Wis. Stat. § 990.01(20) ("'Minor' means a person who has not attained the age of 18 years"). K.M. is still a minor as of the date of filing of this complaint.

16. With respect to the medical debt listed in Exhibit A, Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, Aurora mailed a bill several days or weeks after the dates of service. A copy of one such bill is attached as Exhibit B.

17. Because Aurora billed Myers several days or weeks after providing services, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'")

18. Exhibit A falsely represents that K.M. is responsible for the alleged debt referenced in Exhibit A, when K.M. is not liable for the alleged debt.

19. Under the common law doctrine of necessaries, a minor's parents are liable for medical services provided to a minor before his or her eighteenth birthday, but the minor is *not* liable for such expenses. *Madison Gen. Hosp. v. Haack*, 124 Wis.2d 398, 369 N.W.2d 663 (1985) (a minor's parents, and not the minor herself, were liable for medical bills incurred by the minor); *Davig v. Hamburg Mut. Ins. Co.*, 1993 Wisc. App. LEXIS 1687, *9, 181 Wis. 2d 365 (Wis. Ct. App. 1993); *see also Dean Med. Ctr., S.C. v. Conners*, 238 Wis. 2d 636, 646-47, 618 N.W.2d 194, 199-200 (Ct. App. 2000) (under the doctrine of necessaries, the non-custodial parent is responsible for medical costs incurred for care of minor child).

20. Americollect and Aurora are both attempting to collect a debt from K.M. when K.M. is not liable for the alleged debt.

3

21. Aurora was aware that K.M. is a minor before hiring Americollect to collect the debt referenced in Exhibit A. Aurora mailed other bills to Plaintiff (i.e. the adult), in which K.M. was listed only in the "description" of services box. A copy of one such bill is attached as Exhibit C. Aurora is partially but directly responsible for Americollect's dunning of K.M.

22. Plaintiff and K.M. incurred actual damages due to Defendants' conduct, including but not limited to the following. Plaintiff was upset by Exhibit A and took time off work to visit an attorney. K.M. was confused and upset and was worried that she might be responsible for the alleged debt after she becomes 18 years old.

23. Aurora's and Americollect's misrepresentations are likely to cause emotional distress to the average customer. *See* Wis. Stat. § 427.105(1) ("actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter"); *see also Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010). (In WCA actions relating to debt collection, Wisconsin courts employ the FDCPA's objective "unsophisticated consumer" standard).

24. Further, Americollect and/or Aurora may be reporting the alleged debt as a negative item against K.M. with consumer reporting agencies ("CRAs", aka credit bureaus).

25. Negative information, including the existence of a collection account, stays on a person's "credit report" CRAs for seven years. Falsely reporting to CRAs that a minor child is delinquent on a debt she does not owe harms that child's credit and may, for example, negatively impact the child's ability to receive student loans.

26. Upon information and belief, Americollect has no reasonable procedures to prevent the dunning of minors.

4

27. Upon information and belief, Aurora has no reasonable procedures to prevent the dunning of minors.

28. The sole purpose of sending Exhibit A to K.M. is to unduly harass Plaintiff into paying the alleged debt, potentially before paying other debts. *See* 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged").

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

31. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

32. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

33. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. 15 U.S.C. § 1692f(1) specifically prohibits: "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

5

Case 2:15-cv-00965-PP   Filed 08/13/15   Page 5 of 8   Document 1

35. Wis. Stat. § 427.104(1)(h) specifically prohibits a debt collector from: "Engage[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

36. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom defendant Americollect sent a collection letter on behalf of Aurora, (c) seeking to collect a debt incurred for medical services provided to a minor child (d) which letter was addressed to the minor child and not to the minor's parent or guardian, (e) on or after August 13, 2014, (f) that was not returned by the postal service.

38. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

39. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and WCA.

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

6

## COUNT I -- FDCPA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. Count I is brought against Defendant Americollect.

45. Americollect attempted to collect a debt from K.M., who is Plaintiff's minor child.

46. As she is a minor, K.M. is not liable for the alleged debt.

47. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1) and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

## COUNT II – WCA

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. Count II is brought against both Defendants.

50. Aurora engaged Americollect to collect a debt from a minor.

51. Aurora knew that K.M. was a minor at the time Aurora engaged Americollect to collect the debt referenced in Exhibit A.

52. As Aurora is a debt collector under Wisconsin law, Aurora is responsible for WCA violations in Americollect's letter and for Aurora's own conduct.

53. Exhibit A claims, attempts, or threaten to enforce a right to payment by K.M., even though each Defendant knew, or had reason to know, that no such right existed at the time the letter was sent.

54. Defendants violated Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

## JURY DEMAND

55. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 13, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com