IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER MYERS,                                     Case No. 15-cv-965-pp

            Plaintiff,

v.

AMERICOLLECT INC., and
AURORA HEALTH CARE INC.,

            Defendants.

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 14, 21)**

On August 13, 2015, plaintiff Jennifer Myers filed a civil complaint alleging that defendants Americollect Inc. and Aurora Health Care Inc. had violated the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA"). Dkt. No. 1. On October 26, 2015, defendant Aurora Health Care Inc. responded to the complaint with a motion to dismiss. Dkt. No. 14. On November 5, 2015, defendant Americollect Inc. filed an answer, Dkt. No. 18, and on November 6, 2015, Americollect joined Aurora's motion to dismiss, Dkt. No. 21. The parties have fully briefed the motions, and the court has heard oral arguments. For the reasons stated below, the court will deny the defendants' motions to dismiss.

**I.    FACTS**

In February of 2014, the plaintiff's minor child—"K.M."—received health services from defendant Aurora. Dkt. No. 1-2 at 2. In May of 2014, Aurora sent

1

a bill, dated May 15, 2014, for those services; the bill was addressed to the minor child, K.M., and not to the plaintiff. Id. In early August 2014, Aurora sent a second bill—this time addressed to the plaintiff, not to the minor child. Dkt. No. 1-3 at 2. Later in August of 2014, Americollect sent a letter addressed to the minor child, dated August 16, 2014, announcing, "Your balance is past due." Dkt. No. 1-1.

The plaintiff alleges that she "was upset" by the bill her child received from Aurora and the letter her child received from Americollect, "and took time off work to visit an attorney." Dkt. No. 1 at ¶22. She alleges that the bill and the letter also "confused and upset" her minor child, because the child "worried that she might be responsible for the alleged debt after she becomes 18 years old." Id. The complaint does not indicate the minor child's age (although it does state that she remained a minor as of the date of the filing of the complaint—August 13, 2015), or describe the type of services received (routine or emergency).

## II. PROCEDURAL HISTORY

On August 13, 2015, the plaintiff filed a civil complaint alleging that the defendants violated the FDCPA and the WCA.[1] Dkt. No. 1. The complaint alleges that defendant Americollect violated the FDCPA by attempting to collect a debt from a minor who "is not liable for the alleged debt." Id. at ¶46. The plaintiff also asserts that both defendants violated the WCA by "claim[ing],

---

[1] According to the complaint, the plaintiff brings this action on her own behalf, for the emotional distress and damages she incurred as a result of the alleged violations of the FDCPA and the WCA. The plaintiff does not bring the action on behalf of her minor child.

2

attempt[ing], or threaten[ing] to enforce a right to payment by" the minor child when both defendants "knew, or had reason to know that no such right existed at the time" they sent the bills and collection letters. Id. at ¶53.[2]

On October 26, 2015, defendant Aurora filed a Rule 12(b)(6) motion to dismiss, Dkt. No. 14, and a supporting brief, Dkt. No. 15. On November 5, 2015, defendant Americollect answered the complaint. Dkt. No. 18. On November 6, 2015, Americollect filed a motion to dismiss. Dkt. No. 21. Americollect "joins" Aurora's motion and "will rely" on Aurora's pleadings to support its motion.[3] Id. at 1. On November 18, 2015, the plaintiff filed a brief in opposition to the motions to dismiss, Dkt. No. 22, and on December 7, 2015, the defendants replied. Dkt. No. 23. On December 10, 2015, the plaintiff filed a motion for leave to file a sur-reply or, in the alternative, a motion to strike new matters allegedly raised in the defendants' reply brief. Dkt. No. 25. On December 14, 2015, the court denied the motion. Text-Only Order, Dec. 14,

---

[2] The plaintiff also brought class allegations against the defendants. Dkt. No. 1 at ¶¶37-42. On August 13, 2015, the plaintiff filed a motion to certify the class, Dkt. No. 3, and a supporting brief, Dkt. No. 4. That same day, the plaintiff filed a Rule 7(h) motion to stay the class certification until the Rule 16(b) scheduling conference. On August 14, 2015, the court granted the motion to stay the ruling. Text-Only Order, Aug. 14, 2015.  On February 24, 2016, the plaintiff filed a letter asking the court to allow her to withdraw the motion to certify the class (and representing that the defendants did not oppose the motion). Dkt. No. 28. The court granted that motion without prejudice in a text-only order dated March 1, 2016. The plaintiff may re-file the class certification motion at a later date.

[3] In its motion to dismiss, Americollect states, "[T]his plaintiff has not been injured and is not a real-party-in-interest to bring this WCA or for that matter, the FDCPA action . . . ." Dkt. No. 21. Aurora does not bring any motion to dismiss Count I, the FDCPA claim, and Aurora does not brief the FDCPA issue. The court interprets Americollect's motion as also bringing a motion to dismiss Count I of the complaint.

3

2015. On January 28, 2016, the court held oral arguments on the motions. Dkt. No. 26.

**III. ANALYSIS**

　　A.　　Standard for Motions to Dismiss

Defendant Aurora asks the court to dismiss Count II, the WCA claim, and Americollect joins the motion. Americollect also asks the Court to dismiss Count I, the FDCPA claim. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must state a claim for relief that is plausible on its face." Lodholtz v. York Risk Servs. Group, Inc., 778 F.3d 635, 639 (7th Cir. 2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court "draw[s] all reasonable inferences and facts in favor of the nonmovant," but the court "need not accept as true any legal assertions." Id. (citing Vesely v. Armslist LLC, 762 F.3d 661, 664-65 (7th Cir. 2014)).

"To state a plausible claim, a plaintiff is not, however, required to plead specific or detailed facts." Modovi Dairy Sys., Inc. Empl. Benefit Plan v. Blue Cross and Blue Shield of Wisconsin, No. 15-CV-826, 2016 WL 109965 (E.D. Wis. Jan. 8, 2016) (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). "'[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and

4

unlikely.'" Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013) (quoting Twombly, 550 U.S. at 556).

    B.    <u>The plaintiff has stated a claim against Americollect under the FDCPA that is plausible on its face.</u>

Count I of the complaint alleges that in sending the August 2014 collection letter to K.M., Americollect violated the FDCPA.

The FDCPA serves "to eliminate abusive debt collection by debt collectors," 15 U.S.C. §1629(e), and "is intended for the protection of unsophisticated consumers." Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769, 774 (7th Cir. 2007). The Act defines "debt collector" as "any person who uses any instrumentality or interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6). "For the FDCPA to apply . . . two threshold criteria must be met." Gburek v. Litton Loan Servcing LP, 614 F.3d 380, 384 (7th Cir. 2010). First, the defendant must be a "debt collector," and second, the communication at issue "must have been made in connection with the collection of [a] debt." Id. (citing 15 U.S.C. §§1692c(a)-(b), 1692e, and 1692g) (internal quotation marks omitted).

The letter from Americollect to K.M. explicitly states, "This is a communication from a debt collector. This is an attempt to collect a debt." Dkt. No. 1-1 at 2. Thus, for pleading purposes, the plaintiff has satisfied the first element of an FDCPA claim against Americollect.

5

Title 15 U.S.C. §1692e prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f forbids "unfair or unconscionable means" of collecting debts. The debt collector may not make a "false representation of—the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. §§1692e(2)(A),(B). Debt collectors may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken;" they cannot "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;" and they cannot attempt to collect "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§1692e(5), (10); §1692f(1).

The plaintiff's theory is that Americollect falsely represented the legal status of the debt by asserting or suggesting that K.M., a minor child, was liable for the medical debt. At oral argument on the motion to dismiss, counsel for Americollect responded to this allegation in several ways. First, he argued that the account at Aurora had, in fact, been in K.M.'s name, not in the defendants. Dkt. No. 26 at 2. Second, he argued that he did not know of any court which had held a collection agency liable for sending a notice to the minor at the minor's parent's home. Id. Third, he argued that it was hard to believe that a minor child would be distressed by receiving a medical bill; he opined that most minor children would simply hand the bill over to a parent.

6

Id. Fourth, he argued that the plaintiff had sued in her own right, not on behalf of her minor child. Id. Finally, he noted that there was no law that required a collection agency to verify that the person from whom it was hired to collect was the person who actually owed the debt. He argued that Americollect had done nothing more than send the collection letter to the person whose name Aurora had given it. Id. at 3.

Counsel for the plaintiff responded that none of these arguments were relevant for purposes of a motion to dismiss under Rule 12(b)(6). Id. at 2-3. He argued that the FDCPA was, in essence, a strict liability statute which prohibited any false representation, period. He asserted that all of Americollect's arguments went either to affirmative defenses or factual disputes more suited for determination by a fact-finder, or the court on summary judgment, than to granting a motion to dismiss. Id.

While the court expressed discomfort with the expense that would be incurred in allowing a federal case to proceed on the basis of a single collection letter (and in the case of Aurora, a single bill), counsel for the plaintiff was correct as to the analysis the court must conduct at the pleadnigs stage. Section 1692e "applies even when a false representation is unintentional." Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir. 2000) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996)). "Debt collectors may not make false claims, period." Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) (citations omitted). And, "the inquiry under §§1692e . . . and 1692f . . . requires a fact-bound determination of how an unsophisticated consumer

7

would perceive the letter." McMillian v. Collection Prof'ls Inc., 455 F.3d 754, 759-60 (7th Cir. 2006) (collecting cases). Because the FDCPA inquiry is fact-intensive, and because "'district judges are not good proxies for the "unsophisticated consumer" whose interest the statute protects,'" "dismissal is typically not available under 12(b)(6)." Id. (quoting Walker v. Nat'l Recovery, Inc., 200 F.3d 500, 501-03 (7th Cir. 1999) and citing Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1059-60 (7th Cir. 1999)). In rare cases, "a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision," but typically, at the 12(b)(6) stage, the court should give "the plaintiff . . . an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard." Id. at 760.

While, at a later stage in the proceedings, Americollect may attempt to "show[] by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. §1692k(c), the Rule 12(b)(6) stage is not the point at which the court considers such arguments. Although somewhat conclusory, the plaintiff has alleged the bare minimum required to state a claim against Americollect under the FDCPA. The court will deny Americollect's motion to dismiss Count I.

8

C.  <u>The plaintiff has stated a claim for relief under the WCA that is plausible on its face.</u>

Count II of the complaint alleges that both Aurora and Americollect violated the Wisconsin Consumer Act.

The WCA, Wis. Stat. §§421-427, "protect[s] consumers against unfair, deceptive, false, misleading and unconscionable practices by merchants . . . and *coordinate[s] the regulation* of consumer credit transactions *with the policies of the federal consumer credit protection act.*" Wis. Stat. §§421.102(2)(b), (d) (emphasis added). Under Wisconsin law, a debt collector may not "[e]ngage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h). Wisconsin law also prohibits debt collectors from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j). The WCA allows "[a] person injured by a violation" of the WCA to "recover actual damages," which "shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation." Wis. Stat. §427.105(1).

"Debt collection" includes "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer." Wis. Stat. §427.103(2). "Merchant" includes "a person who regularly advertises, distributes, offers, supplies or deals in . . . services, money or credit, in a manner which . . . results in . . . a consumer transaction." Wis. Stat. §421.301(25). A "debt collector" is "any

9

person engaging, directly or indirectly, in debt collection," including those "who sell[], or offer[] to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims." Wis. Stat. §427.103(3). A "claim" is an "obligation or alleged obligation arising from a consumer transaction." Wis. Stat. §427.103(1).

Aurora is a debt collector, in the context of this case and under the WCA, because it provided services that resulted in a consumer transaction, attempted to enforce an obligation or claim arising from that transaction, and attempted to collect a debt when the consumer did not initially pay. And as the court already has noted above, the letter from Americollect to K.M. explicitly states, "This is a communication from a debt collector. This is an attempt to collect a debt." Dkt. No. 1-1 at 2. The question, then, is whether the plaintiff has alleged sufficient facts to demonstrate a *prima facie* case that the defendants engaged in any of the acts prohibited by the WCA.

> 1. *The plaintiff has alleged facts against Americollect that are plausible on their face.*

The plaintiff alleges that on or around August 16, 2014, Americollect sent a notice addressed to K.M. Dkt. No. 1-1. The letter indicated, "YOUR BALANCE IS PAST DUE," and indicated that a debt existed to Aurora Health Care, in the amount of $1,410.20. Id. at 1. The letter stated that the debt arose on February 19, 2014, and informed the recipient that she could "notify" the defendant "within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof." Id.

10

Courts construe the WCA in accordance with the policies of the FDCPA. Because the plaintiff has stated a viable claim against Americollect under the FDCPA, for similar reasons, it has stated a claim against Americollect under the WCA. As the court held above, while Americollect may not have known about the debtor's status as a minor at the time it sent the letter, the Rule 12(b)(6) stage usually is not the time at which courts consider defenses to the allegations. The plaintiff has met the pleading requirements for a claim under the WCA and the court will deny Americollect's motion to dismiss Count II.

> 2. *The plaintiff has alleged facts against Aurora that are plausible on their face.*

The plaintiff asserts that Aurora sent two bills. First, on or around May 15, 2014, Aurora sent a bill to K.M., showing a patient balance of $20,652.63 for visits occurring in February of 2014. Dkt. No. 1-2. The "account name" for this bill is the name of the minor child. Id. Second, on or around August 7, 2014, Aurora sent a bill addressed to the *plaintiff*, totaling $1,195.65 for services to K.M. that occurred in May of 2014. Dkt. No. 1-3. The "account name" on this bill is the *plaintiff*'s name. Id. This bill appears to be for different services from those reflected in the May 2014 bill, and from the services for which Americollect attempted to collect.

According to the plaintiff, the May 15, 2014 bill constituted an effort to enforce a right to payment that Aurora knew or should have known did not exist, because the patient was a minor child. The plaintiff also asserts that Aurora reasonably should have expected that the bill would threaten or harass the plaintiff and her minor child. In terms of damages, the plaintiff alleges that

11

she "was upset" by the bill "and took time off work to visit an attorney." Dkt. No. 1 at ¶22. She also alleges that the bill "confused and upset" her minor child, because the child "worried that she might be responsible for the alleged debt after she becomes 18 years old." Id.

Although minimally pleaded, it is plausible that the bill addressed to K.M. violated the above sections of the WCA; a plausible reading of the bill is that it sought to recover a debt from a person who might not be liable for a debt of that kind.

Aurora argued at the hearing on the motion to dismiss that under some circumstances, a provider is allowed to collect for medical services provided to a minor. Dkt. No. 26 at 2. Aurora also argued that the account was in K.M.'s name, and that there might be reasons why the plaintiff intentionally set it up that way. Finally, counsel argued that the plaintiff was not the proper party to bring the claim—the bill went to K.M., and not the plaintiff. Again, as with Americollect, Aurora's arguments may be appropriate at summary judgment, or before a fact-finder at trial. But at the Rule 12(b)(6) stage, the plaintiff's claim—though conclusory—is sufficient. A court can "find many of plaintiff's allegations conclusory," and still "conclude that she has done just enough to state a claim under the FDCPA and the Wisconsin Consumer Act." Eichman v. Mann Bracken, LLC, 689 F. Supp. 2d 1094, 1095 (W.D. Wis. 2010).

For these reasons, the court will deny Aurora's motion to dismiss Count II.

12

Case 2:15-cv-00965-PP   Filed 07/06/16   Page 12 of 16   Document 29

3. *The court will exercise supplemental jurisdiction over the WCA claim against Aurora.*

In addition to arguing that the plaintiff failed to state a claim against Aurora under the WCA, Aurora argues that the court should not exercise supplemental jurisdiction over Aurora.

Aurora pointed out in its brief that the plaintiffs brought their federal question claim only against Americollect. Dkt. No. 15 at 15. Thus, the court has original jurisdiction over Americollect, because the initial claim arises under federal law. "[T]he district courts *shall have* supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. §1367(a) (emphasis added).

The only claim the plaintiff asserts against Aurora is the WCA claim—a claim under Wisconsin state law. Thus, the only basis for this court to exercise jurisdiction over Aurora, Aurora argues, is for the court to exercise its supplemental jurisdiction under 28 U.S.C. §1367.

Section 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy." Section 1367 gives federal courts the discretion to decline that supplemental jurisdiction in certain circumstances. A district court may decline supplemental jurisdiction, for example, if the "claim raises a novel or complex issue of State law." 28 U.S.C. §1367(c)(1). A district court also may

13

decline to exercise supplemental jurisdiction "in exceptional circumstances," when "there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c)(4). Aurora asks the court to decline to exercise supplemental jurisdiction for both of these reasons, arguing that the question of whether or not a minor can be held liable for a debt like the one at issue in this case, is "a novel . . . issue of State law."

The court first notes that one way or the other, it likely will have to consider the question of whether a minor child could be held liable for a debt like the one at issue here. Even if the court were to dismiss the case against Aurora, Americollect likely would raise the same defense. If, in fact, the question is a novel issue under Wisconsin law, it won't be any less novel as a result of Americollect raising it than it will as a result of Aurora raising it.

In fact, there is some Wisconsin law on the issue. Under Wisconsin law, a "minor" is "a person who has not attained the age of 18 years." Wis. Stat. §990.01(20). There are cases that hold that a minor can be held liable for certain expenses under the "doctrine of necessaries." A creditor can hold a minor "liable for payment of . . . medical expenses" under limited circumstances. Madison Gen. Hosp. v. Haack, 369 N.W.2d 663, 665 (Wis. 1985). At common law, "when a minor contracts for necessaries, the minor cannot disaffirm the contract." Id. (citations omitted). "Emergency medical services are generally considered necessaries." Id. For the minor to be liable, however, "she had to have entered into a contract, express or implied in fact, to pay for the medical services." Id. At common law, "a minor is not liable if

14

necessaries were furnished to the minor on someone else's credit." Id. (footnote omitted). The doctrine of necessaries "'implies a promise [that a parent will pay] where a parent, with full knowledge of the facts and without objection, allows and approves of his child being furnished with necessaries." Id. at 666 (quoting Monk v. Hurlburt, 151 Wis. 41, 45 (Wis. 1912)).

A minor also may be liable under the theory of unjust enrichment. Id. "The law may require a person enriched by a benefit to compensate the person furnishing the benefit when it would be inequitable to allow retention of the benefit without payment." Id. (citations omitted). Coupled with the law of necessaries, "the party or parties unjustly enriched by the medical care . . . and liable for payment of the medical expenses . . . appear to be one or both of [the minor's] parents." Id. at 666-67.

A minor also may "be liable for medical expenses when a parent neglects, fails, refuses, or is unable to pay," but the record must sufficiently "establish the parents' neglect, failure, refusal, or inability to pay." Id. at 667. See also David v. Hamburg Mut. Ins. Co., 181 Wis. 2d 365, at *3 (Ct. App. 1993) ("Madison General . . . supports the proposition that a minor's parents are liable under the common law doctrine of necessaries for medical services provided to a minor before his or her eighteenth birthday.")

Based on the sparse facts available to the court at this point, the court cannot determine whether application of the above law to the facts would yield an answer to the question of whether K.M. could have been held liable for the debt giving rise to the Aurora bill. But there is no need for the court to decide

15

that question to conclude that the question is not so novel or complex that the court should decline to exercise its supplemental jurisdiction to answer it.

Aurora also argues that it should not be forced to participate in an FDCPA class action when it is not the subject of an FDCPA claim. Dkt. No. 15 at 18. It further argues that it would be prejudiced if it had to go to trial on its WCA claim in the same proceeding where Americollect was defending an FDCPA claim that didn't include Aurora. Id. Aurora argues that these facts present the kind of "exceptional circumstances" and "compelling reasons" that require the court to decline supplemental jurisdiction. The court disagrees. Right now, there is no class certification motion pending. Even if the plaintiff files another class certification motion, it is not clear to the court that Aurora will have to participate in all of the class discovery. And this would not be the first case in which co-defendants face different claims in the same case.

At this point, the court will not decline to exercise supplemental jurisdiction over the WCA claim against Aurora.

## IV. CONCLUSION

The court **DENIES** Aurora Health Care Inc.'s motion to dismiss (Dkt. No. 14). The court also **DENIES** Americollect Inc.'s motion to dismiss (Dkt. No. 21).

Dated in Milwaukee, Wisconsin this 6th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge